UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HANDA NEUROSCIENCE, LLC, et al.,<br><br>Defendants. | Case No. 21-cv-03397-EJD   (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSIONS**<br><br>Re: Dkt. Nos. 59, 60, 61 |

The Court held a hearing on these matters on February 1, 2022. Based upon the submissions of the parties, relevant law and arguments of counsel, the Court rules as set forth below.

**Dkt. 59: Dispute in re ESI Orders.**

The Court ADOPTS the proposed orders at Dkt. Nos 59-1 and 59-2 AS MODIFIED at the hearing and will enter those orders forthwith.

**Dkt. 60: Dispute in re Protective Order.**

The Courts ADOPTS the language proposed by Plaintiff in both disputed sections in Dkt. 60-1. Additionally, the Court ORDERS that all disputes arising under the Protective Order shall be brought to this Court's attention in accordance with the undersigned's Standing Order on Civil and Discovery Referral Matters, rather than by noticed motion. Plaintiff is to revise Dkt. 60-1 accordingly and to provide to Defendants for review. The Parties are to submit the proposed Protective Order for signature no later than **February 11, 2022**.

**Dkt. 61: Dispute in re Requests for Production and Interrogatories.**

As discussed at the hearing, there is a motion to stay this action pending before the District Court in Delaware, and the Parties anticipate an order from that Court in a matter of weeks. As

that order may address the need for and/or scope of discovery in this case, the Court ORDERS as follows:

Within two business days of receiving an order of the Delaware District Court that denies the request to stay this action, the Parties are to schedule a robust, in-person, meet-and-confer session to take place within ten business days. "In-person" may be by video, but email or telephone discussions alone are not sufficient. As guidance for those discussions, the Court finds that the allegations relating to "piercing the corporate veil" in the Complaint in this action (Dkt. 7) are sufficient to warrant discovery on that issue. However, many of the disputed requests are overbroad and not proportional to the needs of the case in this Court. In sum, there is significant room for compromise on both sides in addressing the disputed requests. Should disputes remain following the meet-and-confer effort, the Parties may bring the disputes to the Court's attention with a joint submission and chart, as required by this Court's standing order.

**SO ORDERED.**

Dated: February 2, 2022

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge